IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Reaves, | ) | CASE NO.: 3:25-cv-12841-JD-TER |
| a/k/a Kathy Juanita Reaves, #50632, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM ORDER AND |
| | ) | OPINION |
| Michael Stephen Shoemaker, | ) | |
| Hotel Medlin, LLC, Cpl. Wesley | ) | |
| Walker, Lt. Trevor Hall, City of Cayce, | ) | |
| Cpl. Matthew Hagins, City of Cayce | ) | |
| Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. (DE 35.) The Report recommends that this action be dismissed without prejudice for failure to prosecute and failure to comply with Court orders. (Id.) Also before the Court are Plaintiff Kathy Reaves's post-Report motions for leave to file out of time, to reinstate this action, for leave to amend, to vacate prior orders, and to correct a proper-form order.[1] (DE 37; DE 39; DE 40; DE 44; DE 45; DE 47.)

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I.    BACKGROUND

Plaintiff Kathy Reaves, proceeding pro se, filed this civil action against Michael Stephen Shoemaker, Hotel Medlin, LLC, Cpl. Wesley Walker, Lt. Trevor Hall, the City of Cayce, Cpl. Matthew Hagins, and the City of Cayce Police Department. (DE 1.) Plaintiff also moved for an extension of time to pay the filing fee and for leave to proceed in forma pauperis. (DE 2; DE 3.)

On October 17, 2025, the Magistrate Judge granted Plaintiff leave to proceed in forma pauperis, mooted Plaintiff's motion for extension of time, and entered a proper-form order directing Plaintiff to file an amended complaint. (DE 8; DE 9.) On November 14, 2025, after Plaintiff sought additional time and objected to the Magistrate Judge and division assignment, the Magistrate Judge granted Plaintiff additional time and gave Plaintiff twenty-one days to file an amended complaint in compliance with the prior order. (DE 14.) On November 18, 2025, the Magistrate Judge denied Plaintiff's motion to establish jurisdiction and again advised Plaintiff that her amended complaint was due by December 5, 2025. (DE 17.) Plaintiff was warned that, if she did not comply by filing an amended complaint, review would continue on the original complaint and the action would be subject to partial summary dismissal. (Id.)

Plaintiff did not timely file an amended complaint. On December 11, 2025, the Magistrate Judge entered a proper-form order requiring Plaintiff to submit completed summons forms and Form USM-285s. (DE 21.) Plaintiff did not timely comply. On January 12, 2026, Plaintiff filed several motions and an amended complaint. (DE 25;

DE 26; DE 27; DE 29.) On January 21, 2026, the Magistrate Judge entered another proper-form order requiring Plaintiff to file completed service documents by February 11, 2026. (DE 30.) The Magistrate Judge also denied Plaintiff's motions for recusal, relief from judgment, and reinstatement. (DE 31.) The January 21, 2026, orders were mailed to Plaintiff at her address of record, and the docket does not reflect that the mail was returned. (DE 32.) Plaintiff did not file completed service documents by the February 11, 2026, deadline.

## II.    REPORT AND RECOMMENDATION

On February 18, 2026, the Magistrate Judge issued the Report recommending dismissal without prejudice. (DE 35.) The Report found that Plaintiff failed to respond to the Court's orders requiring service documents, that the orders mailed to Plaintiff's address of record were not returned, and that Plaintiff was presumed to have received them. (Id.) The Report concluded that Plaintiff's failure to respond indicated an intent not to prosecute the case and subjected the action to dismissal under Federal Rule of Civil Procedure 41(b). (Id.)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to timely file specific objections could waive appellate review. (Id.) After the objection deadline, Plaintiff filed motions seeking leave to file out of time, reinstatement, leave to amend, relief under Rule 60(b), correction of a proper-form order, and vacatur of the recommended dismissal. (DE 37; DE 39; DE 40; DE 44; DE 45; DE 47.) The Court liberally construes these filings as objections to the Report and requests for relief from the orders preceding the Report.

### III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.    DISCUSSION

Because Plaintiff proceeds pro se, her filings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to ignore a clear failure to allege facts sufficient to state a cognizable claim or to rewrite a complaint to include allegations not pleaded. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990). After reviewing the Report, Plaintiff's post-Report filings, and the record, the Court adopts the Report and dismisses this action without prejudice.

The Report rests on Plaintiff's failure to comply with repeated Court orders. Plaintiff was first ordered to file an amended complaint in October 2025. (DE 8.) She was given additional time in November 2025. (DE 14; DE 17.) After Plaintiff failed to comply in a timely manner, she was ordered on December 11, 2025, to submit completed service documents. (DE 21.) After Plaintiff filed an amended complaint and several motions in January 2026 but still did not supply the necessary service documents, she was again ordered on January 21, 2026, to file completed service documents by February 11, 2026. (DE 30.) Plaintiff did not timely comply with that order. The mail containing the Court's orders was sent to Plaintiff's address of record and was not returned. (DE 32; DE 35.) The Report therefore correctly found that Plaintiff failed to prosecute this action and failed to comply with Court orders.

Plaintiff's post-Report filings do not show that the Report was erroneous. Plaintiff asserts generally that she acted in good faith, she intended to comply, she should be permitted to amend, and the case should be resolved on the merits. (DE 37; DE 39; DE 40; DE 47.) Those assertions do not explain her failure to comply with the December 11, 2025, and January 21, 2026, proper-form orders before the deadlines expired. Nor do they show excusable neglect, good cause, or any basis to disregard Plaintiff's repeated noncompliance.

Plaintiff's late-filed proposed service documents and Local Civil Rule 26.01 answers do not require a different result. (DE 41; DE 43.) They were filed only after the Report was issued and the compliance deadlines had expired. The Court is not

required to excuse repeated noncompliance merely because Plaintiff later attempted partial compliance after dismissal had been recommended.

Plaintiff's request for leave to amend is also denied. Plaintiff already filed an amended complaint on January 12, 2026. (DE 27.) The recommended dismissal is not based on the absence of factual allegations in the amended complaint but on Plaintiff's failure to comply with orders requiring completed service documents. Plaintiff's proposed amendment does not cure the procedural default that led to the Report, and the amendment would not address Plaintiff's failure to comply with the Court's proper-form orders.

Plaintiff's non-consent to proceed before a Magistrate Judge does not provide a basis to reject the Report. (DE 38; DE 44; DE 47.) The Magistrate Judge has not entered final judgment. He issued pretrial orders and a report and recommendation under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02. This Court conducts the final review and enters the final order. Consent under 28 U.S.C. § 636(c) is not required for a magistrate judge to issue pretrial orders or a report and recommendation in a referred pro se case.

Plaintiff's Rule 60(b), Rule 59, and vacatur motions are denied. (DE 44; DE 45; DE 47.) There is no final judgment in this case from which Rule 60(b) relief is presently required, and the orders Plaintiff challenges are interlocutory case-management and proper-form orders. In any event, Plaintiff has not shown mistake, excusable neglect, newly discovered evidence, fraud, voidness, satisfaction, inequity, or extraordinary circumstances warranting relief. Plaintiff's allegations concerning

6

CE-0140412, Shoemaker, alleged fraud on the court, and events in other litigation do not address the dispositive reason for the Report—Plaintiff's failure to comply with this Court's orders to submit completed service documents in this case.

Finally, Plaintiff's request for reassignment or relief from the Magistrate Judge's involvement is denied. Plaintiff relies on dissatisfaction with prior rulings, prior case assignments, and her disagreement with the Report and proper-form orders. Adverse rulings and prior judicial involvement, without more, do not establish bias or provide a basis for reassignment or recusal. Plaintiff has not shown an extrajudicial source of bias or any circumstance requiring reassignment.

Having conducted the required review, the Court finds no error in the Report's conclusion that dismissal without prejudice is warranted under Rule 41(b) for failure to prosecute and failure to comply with Court orders.

## V.     CONCLUSION

After a thorough review of the Report, Plaintiff's post-Report filings, the record in this case, and the applicable law, the Court finds that Plaintiff's objections and motions are without merit and that the Magistrate Judge correctly recommended dismissal without prejudice.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 35) and incorporates it by reference. This action is DISMISSED WITHOUT PREJUDICE. Plaintiff's motions (DE 37; DE 39; DE 40; DE 44; DE 45; DE 47) are DENIED. To the extent any earlier motions remain pending, they are DENIED AS MOOT.

IT IS SO ORDERED.

Florence, South Carolina
June 8, 2026

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

8